# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

DWAYNE MIGEL DOTSON,    )
               )
    Petitioner,     )
               )
v.                  )        CV423-281
               )
EVAN JOSEPH,       )
               )
    Respondent.   )

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* petitioner Dwayne Migel Dotson filed the instant petition pursuant to 28 U.S.C. § 2254. *See generally* doc. 1. He also moves to proceed *in forma pauperis*. Doc. 2. Since it appears that he lacks sufficient funds to pay the Court's filing fee, that Motion is **GRANTED**. Doc. 2. As discussed below, since it appears from the face of his Petition that it is unexhausted it should be **DISMISSED**. *See* Rule 4, Rules Governing Section 2254 Cases ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . .").

Dotson's Petition challenges his 2021 conviction in the Superior Court of Liberty County, Georgia for armed robbery. *See* doc. 1 at 1. He

pleaded guilty and did not appeal his conviction.  *Id.* at 1-2.  He filed a state habeas petition in the Superior Court of Richmond County, Georgia in 2022, which was denied on September 7, 2023.  *Id.* at 3.  He did not seek to appeal that denial.  *See id.* at 5.  His only explanation for his failure to present his grounds to the highest state court having jurisdiction is his contention that the habeas proceeding is the "only remedy" he has.  *Id.*

Substantively, Dotson asserts six grounds for relief.  *See* doc. 1 at 5-11, 16.  First, he asserts that his guilty plea was not knowingly and voluntarily made because his "counsel failed to explain what an accusation was on [the] record in detail."  *Id.* at 5.  Second, he asserts that his counsel provided ineffective assistance by permitting him to "accept an illegal plea agreement," and "allowing him to be sentenced and convicted under an accusation."  *Id.* at 7.  Third, he asserts that there is "no affidavit" supporting either his arrest warrant or "accusation" upon which he was convicted.  *Id.* at 8.  Petitioner's fourth ground is somewhat unclear.  He alleges that the trial court "lacked subject matter jurisdiction," because he was "charged with a capital offense."  *Id.* at 10.  He alleges that, in his case, "what makes this armed robbery a capital

offense petitioner is accused of taking the victim's life which resulting in his death.  He is accused of a theft of a life." *Id.*  Fifth, he asserts that the trial court's imposition of a waiver of his Fourth Amendment rights in his sentence rendered that sentence illegal. *Id.* at 16.  Finally, he asserts that his counsel was ineffective for "stipulating to a waiver and waiving all appeals." *Id.* Regardless of their substance, he is explicit that he did not appeal the state habeas court's denial of relief.[1] *See id.* at 6, 8-9, 11.

Before seeking § 2254 relief petitioners must "fairly present" their claims to state courts to give them a "full and fair opportunity to resolve federal constitutional claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); 28 U.S.C. § 2254(b)(1)(A) (habeas petitioners must "exhaust[ ] the remedies available in the courts of the State" before seeking federal relief); *see also Reedman v. Thomas*, 305 F. App'x 544, 546 (11th Cir. 2008) ("Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion."). Dotson must *fully* exhaust his "right under the law of the

---

[1] Dotson alleges that he presented those grounds in his state habeas petition, but does not include specific allegations concerning those proceedings. *See* doc. 1 at 3, 16.

State to raise, by *any* available procedure, the question presented."

28 U.S.C. § 2254(c) (emphasis added).[2]   Georgia law provides for

discretionary review of habeas corpus orders by the Georgia Supreme

Court.  *See* O.C.G.A. § 9-14-52.  Such appeals require that the petitioner

seek, and the Supreme Court grant, a "certificate of probable cause."  *Id.*

The Eleventh Circuit has expressly held that failure to seek a certificate

of probable cause constitutes a failure to exhaust state remedies.[3]   *See*

*Pope v. Rich*, 358 F.3d 852, 854 (11th Cir. 2004) ("[Petitioner's] failure to

petition the Georgia Supreme Court for a certificate of probable cause

means that [he] failed to exhaust all of his available state remedies.").

Dotson's failure to exhaust state remedies, therefore, warrants dismissal

of his Petition.

_____

[2]  A stay of this case is also not warranted, as petitioner has made no showing of "good cause" for his "failure to exhaust his claims first in the state court."  *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

[3]  The Court notes that, assuming Dotson's allegations concerning his state habeas proceedings are accurate, the time for seeking a certificate of probable cause may be pending.  He alleges that the state habeas court denied relief on September 7, 2023. Doc. 1 at 3.  Georgia law requires that an application for a certificate of probable cause must be filed "within 30 days from the entry of the order denying . . . relief." O.C.G.A. § 9-14-52(b).  Dotson also alleges that he received a "hearing" on his state habeas petition on that same date.  *See* doc. 1 at 13.

Since Dotson's § 2254 petition is unexhausted it should be **DISMISSED without prejudice**.[4] This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

---

[4] Given that the grounds asserted in Dotson's Petition are unexhausted, dismissal without prejudice is appropriate.  *See, e.g., Reedman*, 305 F. App'x at 546 (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)) ("Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion.").

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue.  28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal).  And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith.  Thus, *in forma pauperis* status on appeal should likewise be **DENIED**.  28 U.S.C. § 1915(a)(3).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 28th day of September, 2023.

Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia